UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
OSWALDO HIDALGO,

                              Plaintiff,

                        -against-

WINDING ROAD LEASING CORP., PETER
SCALAMANDRE & SONS, INC., SEAMENT
TRANSPORTATION, LLC, and VICTOR A.
LAMBUR,

                              Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

12-CV-388 (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

## INTRODUCTION

Oswaldo Hidalgo ("Plaintiff") commenced this negligence action against Winding Road Leasing Corp. ("Winding Road"), Peter Scalamandre & Sons, Inc. ("Scalamandre"), and Victor A. Lambur ("Lambur") on January 24, 2012, seeking damages for personal injuries resulting from a vehicle accident. On October 18, 2012, Plaintiff filed an amended complaint adding Seament Transportation, LLC ("Seament") (collectively, "Defendants") ,[1] and XYZ Corp. On October 29, 2012, Plaintiff filed a second amended complaint removing XYZ Corp. Defendants now move for summary judgment. For the reasons that follow, their motion is denied.

## BACKGROUND

Plaintiff is a citizen of Mexico and is not a permanent legal resident of any state. (Dkt. No. 10 ("2nd Am. Compl.") ¶ 1; Dkt. No. 15, Exh. A at 7:9-21.) Winding Road, Seament, and

---

[1] In the amended complaint, this defendant is named as "Seaman Transportation." (Dkt. No. 8 at 1-2.) Seaman Transportation was removed from the second amended complaint and replaced by Seament Transportation, LLC. (Dkt. No. 10 at 1-2.)

Scalamandre are New York corporations with their principal places of business in Nassau County, New York. (2nd Am. Compl. ¶¶ 2, 4, 6.) Lambur is a natural person residing in Suffolk County, New York. (*Id*. ¶ 8.)

On June 10, 2011, Plaintiff was riding his bicycle against the direction of traffic on College Point Avenue in Queens, New York. (Defs.' Stmt. of Undisputed Facts Pursuant to Local Rule 56.1 ("Defs.' 56.1 Stmt.") ¶¶ 2, 10; Pl.'s Stmt. of Undisputed Facts Pursuant to Local Rule 56.1 ("Pl.'s 56.1 Stmt.") ¶¶ 2, 10); Dkt. No. 13, Exh. E.) As Plaintiff approached the intersection of Horace Harding Expressway and College Point Avenue, he saw a tractor-trailer truck begin to make a wide right turn from Horace Harding Expressway onto College Point Avenue. (Defs.' 56.1 Stmt. ¶ 10; Pl.'s 56.1 Stmt. ¶ 10.) Lambur, the truck's driver, also observed Plaintiff before turning, stopped his vehicle, and allowed Plaintiff to cross the street. (Defs.' 56.1 Stmt. ¶ 18; Pl.'s 56.1 Stmt. ¶ 18.) Once Plaintiff crossed the street, Lambur began to make a "very slow[]" right turn onto College Point Avenue. (Defs.' 56.1 Stmt. ¶ 20; Pl.'s 56.1 Stmt. ¶ 20; Dkt. No. 13, Exh. E.)

During the course of the turn, Plaintiff remained stopped in the street near the corner of the intersection with his left foot on the sidewalk. (Defs.' 56.1 Stmt. ¶¶ 11, 14-15; Pl.'s 56.1 Stmt. ¶¶ 11, 14-15.) Plaintiff feared that the truck would strike him during the turn so he flung himself off of his bicycle onto the sidewalk. (Defs.' 56.1 Stmt. ¶¶ 11, 16; Pl.'s 56.1 Stmt. ¶¶ 11, 16.) Plaintiff's leg remained in the roadway and the truck's rear wheels struck Plaintiff's leg. (*Id*.) At no time did any portion of the truck cross the curb. (Defs.' 56.1 Stmt. ¶ 22; Pl.'s 56.1 Stmt. ¶ 22.)

The truck was owned by Winding Road at the time of the accident, and it was driven by Lambur in the course of his employment with Seament. (Defs.' 56.1 Stmt. ¶ 8; Pl.'s 56.1 Stmt. ¶ 8.) Although the truck was empty at the time of the accident, it was en route to pick up cement for Scalamandre. (*Id.*)

Plaintiff subsequently brought this action seeking recovery for injuries sustained to his leg during the collision. (Defs.' 56.1 Stmt. ¶ 1; Pl.'s 56.1 Stmt. ¶ 1.)

## DISCUSSION

### I. Jurisdiction

The court has diversity jurisdiction over this matter as there is complete diversity among the parties. *See* 28 U.S.C. § 1332(a)(2); *see also First Tenn. Bank, N.A. v. Black*, No. 10-CV-4925 (FB) (SMG), 2011 WL 7428818, at *1-2 (E.D.N.Y. Sept. 9, 2011), *adopted by*, 2012 WL 628616 (E.D.N.Y. Feb. 27, 2012). New York law applies. *First Tenn. Bank, N.A.*, 2011 WL 7428818, at *2 ("Th[e] court, sitting in diversity, must apply the law of the forum state, here New York, on outcome determinative issues[.]") (citing *Bank of N.Y. v. Amoco Oil Co.*, 35 F.3d 643, 650 (2d Cir. 1994)); *see also Momchilov v. Chaduhry*, No. 04-CV-3159 (KAM), 2006 WL 1307978, at *2 (E.D.N.Y. May 11, 2006).

### II. Summary Judgment

The standard for summary judgment is well established. The party moving for summary judgment has the burden of demonstrating the following: (1) "there is no genuine dispute as to any material fact" and (2) "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to a material fact is one that "might affect the outcome of the suit

3

under the governing law" and that "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986).

In determining whether summary judgment is warranted, "[t]he Court 'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)). The nonmovant cannot create a genuine dispute of material fact by "rely[ing] on the allegations in his or her pleadings, conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Cushing v. Morning Pride Mfg., L.L.C.*, No. 05-CV-3612 (DRH), 2008 WL 283772, at *10 (E.D.N.Y. Jan. 30, 2008) (citation and internal quotation marks omitted).

Specifically, the nonmoving party cannot rest on "mere allegations or denials" but must instead "set forth specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see also Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). "Speculation, conclusory allegations, and mere denials are not enough to raise genuine issues of fact." *Nat'l Westminster Bank USA v. Ross,* 676 F. Supp. 48, 51 (S.D.N.Y. 1987). Rather, each statement of material fact by the movant or opponent must be followed by a citation to evidence which would be admissible, as required by Federal Rule 56(e) and Local Civil Rule 56.1(d).

### III. <u>Negligence</u>

Under New York law, Plaintiff must prove the following to prevail on his negligence claim: "(1) that the defendant owed a duty to him; (2) that the defendant breached this duty; and (3) that this breach was the proximate cause of the plaintiff's injury." *Boria v. Port Auth. of New*

4

*York & New Jersey*, No. 95-CV-4912 (SJ), 1998 WL 34588, at *3 (E.D.N.Y. Jan. 29, 1998). "[S]ummary judgment is a drastic remedy[]" typically "not afforded on issues of negligence because whether conduct is negligent is a factual determination" in all but the rarest cases. *Id*. (citing *Kern v. Frye Copysystems, Inc.*, 878 F.Supp 660, 665 (S.D.N.Y. 1995); *Ortiz v. Rosner*, 817 F.Supp. 348, 360 (S.D.N.Y. 1993)); *see also Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308 (1980).

A. <u>Proximate Cause</u>

As an initial matter, it is uncontested that Plaintiff violated the New York Vehicle and Traffic Law ("VTL") when he rode his bicycle the wrong way down a one-way street and failed to yield to the Defendant's truck.[2] (Defs.' 56.1 Stmt. ¶¶ 10-11; Pl.'s 56.1 Stmt. ¶¶ 10-11.) However, a plaintiff's violation of a statute or other such negligent act, does not preclude recovery, unless such conduct was the "sole proximate cause" of the accident. *Compare Gray v. Wackenhut Servs., Inc.*, 446 Fed. Appx. 352, 353, 355 (2d Cir. 2011) *with Thomas v. O'Brien*, Nos. 08-CV-3250 (RLM), 08-CV-3448 (RLM), 2010 WL 785999, at *4-5 (E.D.N.Y. Feb. 26, 2010); *see also Gause v. Martinez*, 91 A.D.3d 595, 596 (N.Y. App. Div. 2012); *Singh v. Lee*, 76 A.D.3d 555, 556 (N.Y. App. Div. 2010)*; White v. Diaz*, 49 A.D.3d. 134, 139 (2008). Thus, a finding of a plainitff's culpable conduct does not "inevitably flow" to a finding of proximate cause. *Gaston v. Vilco Realty Co.*, 215 A.D.2d 174, 174 (N.Y. App. Div. 1995); *Schaefer v. Guddemi*, 182 A.D.2d 808, 808 (N.Y. App. Div. 1992).

---

[2] A person riding a bicycle on a New York roadway is "subject to all of the duties applicable to [a motor vehicle operator]." *See* N.Y. Veh. & Traf. Law § 1231.

Proximate cause is typically a question for the trier of fact. *Hunter v. Deutche Lufthansa AG*, No. 09-CV-3166 (RJD) (JMA), 2013 WL 752193, at *9 (E.D.N.Y. Feb. 27, 2013); *Boria*, 1998 WL 34588, at *4; *Derdiarian*, 51 N.Y.2d at 315; *Gaston*, 215 A.D.2d at 174. Courts exercise great caution when making proximate cause determinations as a matter of law. *Derdiarian*, 51 N.Y.2d at 315. Only where negligence and causation are clear, should proximate cause be determined at the summary judgment phase. *White*, 49 A.D.3d at 139; *Spence v. Lake Serv. Station, Inc.*, 13 A.D.3d 276, 277-78 (N.Y. App. Div. 2004). Therefore, "where there is any doubt, confusion, or difficulty in deciding whether the issue ought to be decided as a matter of law, the better course is to leave the point for the jury to decide." *White*, 49 A.D.3d at 139.[3]

New York courts have granted summary judgment in negligence cases where bicyclists' violations of the VTL were the *sole* proximate cause of the accident. For instance, a defendant's summary judgment motion was granted where a plaintiff crossed an intersection without yielding to oncoming vehicles or obeying posted traffic signals. *Thoresz v. Vallone*, 70 A.D.3d 1031, 1031 (N.Y. App. Div. 2010); *see also Rosenberg v. Kotsek*, 41 A.D.3d 573, 573 (N.Y. App. Div. 2007) (identifying bicyclist who illegally traversed an intersection as the sole proximate cause of the accident); *Trzebacz v. Jara*, 11 A.D.3d 531, 531-2 (N.Y. App. Div 2004) (granting summary judgment where a plaintiff failed to yield at an intersection and offered only conclusory

---

[3] I reject Defendants' argument that they need only present a *prima facie* case that the Plaintiff's own negligence was *a* proximate cause of the accident in order to prevail on their summary judgment motion. (Dkt. No. 14 at 1.) The law is clear that there may be more than one proximate cause of an accident. *Gause v. Martinez*, 91 A.D.3d 595, 596 (N.Y. App. Div. 2012) (quoting *Lopez v. Reyes–Flores*, 52 A.D.3d 785, 786 (N.Y. App. Div. 2008)); *Cox v. Nunez*, 23 A.D.3d 427, 427 (N.Y. App. Div. 2005); *see also Pollack v. Margolin*, 84 A.D.3d 1341, 1342 (N.Y. App. Div. 2011); *Myles v. Blain*, 81 A.D.3d 798, 798 (N.Y. App. Div 2011); *Kim v. Acosta*, 72 A.D.3d 648, 648 (N.Y. App. Div 2010). Therefore, Defendants' argument is misplaced.

assertions to oppose motion).  These cases, however, are inapposite to the factual situation here: Plaintiff violated the VTL, but before any collision occurred Defendants acknowledged his presence in the roadway and permitted him to cross the street and bring his bicycle to a stop.

Indeed, sole proximate cause bicyclist cases typically involve scenarios where the defendant driver had no opportunity to avoid a collision.  *See Hornacek v. Hallenbeck*, 185 A.D.2d 561, 562 (N.Y. App. Div. 1992).  Here, however, Lambur admits that he saw Plaintiff cross the road and stopped his truck before completing the turn (Defs.' 56.1 Stmt. ¶ 18; Pl.'s 56.1 Stmt. ¶ 18), and so the Court cannot find as a matter of law that "this accident would not have happened" if Plaintiff had followed the VTL.  (Dkt. No. 14 at 2.)  Instead, a factfinder could conclude that any casual connection between the accident and Plaintiff's violation of the VTL was "severed by [Defendants] negligent failure" to avoid hitting Plaintiff after letting him cross.  *Sayed v. Aviles*, 72 A.D.3d 1061, 1062 (N.Y. App. Div. 2010).   Where there is more than one possible proximate cause of a vehicle collision, courts leave liability determinations for the jury.  *See Gause*, 91 A.D.3d at 596-97; *Singh*, 76 A.D.3d at 555-56; *Sayed*, 72 A.D.3d at 1061-62; *White*, 49 A.D.3d at 138-139; *Dowling v. Consol. Carriers Corp.*, 65 N.Y.2d 799, 801 (1985).

What is more, Defendants must demonstrate that they are free from any comparative negligence to prevail on their motion.  *See Thomas*, 2010 WL 785999, at *4; *Gause*, 91 A.D.3d at 596; *Singh*, 76 A.D.3d at 556 (N.Y. App. Div. 2010).  "Under the doctrine of comparative negligence, 'a driver who lawfully enters an intersection may still be found partially at fault . . . if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection." *Thomas*, 2010 WL 785999, at *4 (citing *Romano v. 202 Corp.*, 305 A.D.2d 576, 577 (N.Y. App.

Div. 2003); *see also Nevarez v. S.R.M. Mgmt. Corp.*, 58 A.D.3d 295, 297-298 (N.Y. App. Div. 2008).

And thus, even though Plaintiff violated the VTL it cannot be said as a matter of law that his conduct was the sole proximate cause of the accident. For that reason, the factfinder, not the Court, should determine whether Defendants' actions caused or contributed to the accident, or whether Plaintiff's VTL violations were the proximate cause. Accordingly, summary judgment is inappropriate on the issue of proximate cause.

B.  Lambur's Negligence

Defendants also contend that they are entitled to summary judgment because Plaintiff has not offered any evidence of Lambur's negligence in operating his vehicle. (Dkt. No. 13 at 7 ("[Defendants] properly made a right hand turn as close as practicable to the right hand curb and did not contact or go over the curb at any time.") Plaintiff, however, claims that Defendants were negligent because "[Lambur] failed to turn his truck in a safe manner knowing that [Plaintiff] had crossed in front of him." (Dkt. No. 15 at 9.) Consequently, there remains a dispute as to whether Lambur executed the right turn in a reasonably safe manner. (*Compare* Defs.' 56.1 Stmt. ¶¶ 21-23 *with* Pl.'s 56.1 Stmt. ¶ 21-23.)

The issue of Lambur's negligence is therefore precisely the type of question best left to a factfinder. In fact, in negligence cases the summary judgment standard is rarely met because even when the parties agree to the material facts there is often a dispute as to whether the parties acted reasonably. *McCummings v. New York City Transit Auth.*, 81 N.Y.2d 923, 926 (1993); *Ugarriza v. Schmieder*, 46 N.Y.2d 471, 475-476 (1979); *Andre v. Pomeroy*, 35 N.Y.2d 361, 364 (1974); *see also Boria*, 1998 WL 34588, at *4.

Because there is still a question as to whether Lambur acted reasonably when turning his truck, summary judgment in favor of Defendants is inappropriate on the issue of negligence. *See also* N.Y. Veh. & Traf. Law § 1146 ("[E]very driver of a vehicle shall exercise due care to avoid colliding with any bicyclist . . . upon any roadway and shall give warning by sounding the horn when necessary.").

    C.    <u>Scalamandre's Liability</u>

Finally, Scalamandre contends that it should be dismissed from the case because it bears no responsibility for the accident. As a rule, "an employer is vicariously liable under the doctrine of *respondeat superior* for injuries resulting from the negligence of employees acting within the scope of their employment." *Krynski v. Chase*, 707 F. Supp. 2d 318, 329 (E.D.N.Y. 2009) (quoting *McDuffie v. Wilner*, 415 F. Supp. 2d 412, 419 (S.D.N.Y. 2006)); *see also Burlarley v. Wal–Mart Stores, Inc.*, 904 N.Y.S.2d 826, 827 (App. Div. 2010). The plaintiff bears the burden of establishing that the defendant's employee committed the tort while acting within the scope of employment. *See Campos v. City of New York*, 759 N.Y.S.2d 843, 844 (N.Y. Sup. Ct. 2003) (citing *Davis v. City of New York*, 226 A.D.2d 271, 271-72 (N.Y. App. Div. 1996)).

Additionally, "a general employee of one employer may also be in the special employ of another[.]" *Thompson v. Grumman Aerospace Corp.*, 78 N.Y.2d 553, 557 (1991); *see also Altinma v. E. 72nd Garage Corp.*, 54 A.D.3d 978, 981 (N.Y. App. Div. 2008). A special employee is "one who is transferred for a limited time of whatever duration to the service of another[.]" *Graziano v. 110 Sand Co.*, 50 A.D.3d 635, 636 (N.Y. App. Div. 2008) (citations omitted). The employer of a special employee may be liable for that worker's negligence. *Lotz v. Aramark Servs., Inc.*, 98 A.D.3d 602, 603 (N.Y. App. Div. 2012). Determination of special

9

employee status is typically a factual question reserved for the jury. *Thompson*, 78 N.Y.2d at 557 (collecting cases). However, the "determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact." *Id.*

It is undisputed that the truck was dispatched to pick up cement for Scalamandre. (Defs.' 56.1 Stmt. ¶ 8; Pl.'s 56.1 Stmt. ¶ 8.) Nevertheless, Scalamandre argues that it should be dismissed from the case because it played no "active role" in the accident. (Defs.' Mem. of Law at 8.) However, Scalamandre offers no evidence to substantiate its claim that it did not employ Lambur. In fact, the only evidence that Scalamandre offers to support its dismissal from the case is a copy of the vehicle registration for the truck Lambur was driving at the time of the accident. (Dkt. No. 13, Exh. J.) This evidence does not clarify the employer/employee relationship between Seament, Lambur, and Scalamandre and it is therefore insufficient to demonstrate that there is no genuine issue of material fact regarding Scalamandre's potential liability for Lambur's actions. Accordingly, summary judgment is inappropriate on the issue of Scalamandre's liability.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgement is denied in its entirety. The parties are directed to complete expert discovery according to the following schedule: Plaintiff's expert disclosures due on June 21, 2013; Defendants' expert disclosures due on August 2, 2013; expert depositions to be conducted by August 30, 2013. A joint pretrial order, requests to charge, proposed *voir dire*, and fully briefed *in limine* motions are due on October 18, 2013. Jury selection and trial will begin on November 4, 2013 at 9:30 A.M. A final pretrial conference will be held on October 24, 2013 at 10:00 A.M.

**SO ORDERED.**

Dated: May 9, 2013
Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**